LYONS, Judge.
Delivered the resolution of the Court as follows.
The Court after mature considerations, does not discover .that Mr. Copland is entitled to the relief which he sought- by his bill.
Indeed such a suit, in a Court of Equity, appears to be a little extraordinary. Eor if we understand the nature of it, as stated in the bill, it is to obtain the transfer of a fraudulent contract, supposed to have been made by Buck and Brander, as trustees for Copland, with Mosely; without allowing the latter any satisfaction for the -injury, or even making -him a' party to the suit; although he was original owner of the land, and the person on whom the fraud was first and principally committed: Since it is charged, that Buck and Brander concealed from him, the offer by Mr. Copland of two shillings per acre, and of more than any other person would give for the land. So that according to that statement, Mosely had a right to set aside the contract with Buck and Brander, and to have the land restored to him again: And as Copland had made no contract with him, he could derive no claim from the sale to the others. *But Mr. Copland insists, that he confided in Buck and Brander to make the purchase for him; that, by promising to write to Mosely on his behalf, they thereby became invested with a fiduciary character; and were converted into trustees for him, as well as for Mosely: that, acting as trustees for Mosely, they had promised him a refusal of the land, and, therefore, ought not to have purchased for themselves without hi’s consent: that, such trusts are not within the statute of frauds, but a Court of Equity will enforce an execution of them; and, therefore, that the plea in the present case will not avail the defendants, who being in possession of the lands and title papers, are not entitled to hold them; but ought to convey them to him, and not enjoy the benefit arising from their own misconduct.
But how is the trust proved? Buck and Brander deny it. They aver that they had power from Mosely either to sell the lands or retain them to their own use, in part of the debt due to them; and that they only promised a refusal to Copland, in case they should sell. They deny, that they ever wrote, or engaged to write to Mr. Mosely, for or on behalf of Copland, or made any other promise, than a refusal, in case more than two shillings per acre should be offered ; finally, they .deny, that they ever had any -offer made to them, by Copland or any other person, of more than two-shillings per aore, until after the agreement was made with Mr.-Mosely, for the purchase on their own account; although they admit that Mr. Copland, (who, according to- his own statement, at last only tendered two shillings,) sometimes stated that he would gi-ve more, but did not say,how much. In all which respects the answer is not contradicted, or disproved by any testimony in the cause; andj as it is responsive to the bill, the facts as therein stated, must be taken to be true. So, that the trust is so far from being confessed, that it is positively denied, and the plaintiff produces' *no evidence to establish it. Of course the arguments bottomed on the trust all vanish ; and the plaintiff had no foundation- for relief upon that ground.
But, if the trust was established, yet Mosely, who was so much interested, and is said to have been injured by the transaction, ought to have been made a party. Eor, surely a Court of equity would not decree all the benefit of the fraud, if one was committed, to the plaintiff only; and give him the whole gain -arising from the misconduct of his own-trustees. On the contrary, 'we suppose, that in such a case, a Court of Equity' would set aside the sale to Buck and Brander; and (as the promise to Mr. Copland was only of a refusal of the land, so that he might perhaps be allowed to take it or not as he pleased,) direct a new sale. By which means Copland would have an *301 opportunity of bidding- for it, and by a fair public sale, justice would be done to Mosely, the party most injured in the business ; and who was conscientiously entitled to the best price that could be gotten for the land.
But as no trust is proved, and no agreement in writing shewn, Mr. Copland has no equity; but was completely barred by the plea.
The decree of the Court of Chancery, therefore, is to be reversed, and the bill dismissed with costs.

See Moseley v. Buck, 3 Munf. 232, and mono-graphic note on "Agencies” appended to Silliman v. Fredericksburg, etc., R. R. Co., 27 Gratt. 119.

See foot-notes to Shurtz v. Johnson, 28 Gratt. 657; Griffin v. Cunningham, 19 Gratt. 572.